IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:20-cv-61153-DIMITROULEAS

STEVEN LUDWIG,

    Plaintiff,

v.

DB USA CORE CORPORATION

    Defendant,

_____/

**AMENDED COMPLAINT**

Plaintiff, STEVEN LUDWIG, by counsel, sues the Defendant DB USA CORE CORPORATION ( "DEUTSCHE BANK"), and as grounds for his Complaint alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff, STEVEN LUDWIG is a citizen and resident of the State of Texas who was at all times material employed by the Defendant, DEUTSCHE BANK in Jacksonville, Florida.

2. Defendant, DB USA CORE CORPORATION is a New Jersey corporation with an agent in Broward County, Florida and a principal place of business in New Jersey.

**JURISDICTION AND VENUE**

3. This action was originally brought in the Circuit Court of the Seventeen Judicial Circuit of Florida.

1

4. The action was removed by the Defendant on the basis of complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Plaintiff acknowledges that jurisdiction lies in this court under 28 United States Code §1332.

6. Venue in this District is appropriate as the action when it was brought under state law in state court could be maintained in Broward County under §47.051 in that the Defendant maintains an agent in Broward County, Florida.

**GENERAL ALLEGATIONS**

7. Plaintiff was employed in August, 2016 by DEUTSCHE BANK, as VP Employee Compliance in Jacksonville, Florida. DEUTSCHE BANK is subject to various state and federal regulations and rules.

TRUMP/PENCE INAUGURAL ISSUES

8. As is well known DEUTSCHE BANK has been involved for a number of years with extending loans to Donald Trump, members of his family, and various business enterprises including the Trump Organization.

9. DEUTSCHE BANK was further involved in financial transactions with the state of Indiana. At the time of the 2016 Presidential elections, Trump's running mate Mike Pence was the governor of Indiana.

10. Various regulations prohibited DEUTSCHE BANK from making a contribution to the Trump/Pence inauguration because Pence was still governor of Indiana.

11. A senior level compliance leader screamed over the phone that Plaintiff had to explain why a senior level executive at DEUTSCHE BANK would not be allowed to make a contribution to purchase a table at a fundraiser for the Trump/Pence inauguration while Pence remained the Governor of Indiana.

12. As a result and over Plaintiff's objection DEUTSCHE BANK ordered a table but withheld payment until after Pence resigned as governor.

## EMPLOYEE PERSONAL TRADING

13. As part of the required supervisory process DEUTSCHE BANK is required to monitor the personal trading activity of its employees.

14. DEUTSCHE BANK had a bifurcated process of receiving paper statements and trade confirmations and electronic feeds from broker-dealers.

15. When Plaintiff joined DEUTSCHE BANK in August of 2016 there was a backlog of thousands of statements dating back to November of 2014 that had yet to be reviewed.

16. Through this manual process of review and the very significant backlog of outstanding statements, it was impossible to claim, as was required by law, that effective supervision was being conducted.

17. In addition, it was brought to Plaintiff's attention in the spring of 2017 that the electronic feeds provided for some personal trading activity by employees was not

3

properly working and there were tens of thousands of transactions dating back years that had never been reviewed.

18. Plaintiff objected to this lack of supervision of employee personal trading and the related reporting which contained false certifications of compliance.

PRIVATE INVESTMENT TRANSACTIONS -

19. DEUTSCHE BANK had inconsistent processes for the review of investments by employees in private securities transactions, and adopted a more lenient approach in the review of these requests for more senior level employees.

20. Over his objection, Plaintiff was directed by the head of Compliance to find ways to approve transactions for senior level employees and that it was not necessary to do so for lower level employees.

21. DEUTSCHE BANK justified this by asserting that it was important for the bank to keep senior level bankers happy as DEUTSCHE BANK could not afford to lose these senior level employees who brought the revenue into the bank.

FINRA REGISTRATION ISSUES

22. DEUTSCHE BANK is subject to rules as a registered broker dealer which are very specific about the requirements of securities registration to conduct business activity both as when employees must be registered at the outset and when terminated.

23. DEUTSCHE BANK consistently and regularly violated many of these requirements.

24. When Plaintiff joined DEUTSCHE BANK he was advised by members of the team about examples of U-4s, U-5s and required examination deadlines being missed or late filings, largely due to completely inadequate tracking and reporting systems, technology and processes.

25. Plaintiff consistently objected to and opposed the practices of DEUTSCHE BANK, inclusive but not limited to the areas of objection and opposition set forth above, which resulted in non-compliance with federal, state, and securities industries laws, rules and regulations

### COUNT I (FLORIDA WHISTLE BLOWER ACT

28. Plaintiff realleges ¶¶ 1-25 above

29. This is an action brought pursuant to The Florida Private Whistle Blowers Statute, 448.101 et. seq. Florida Statutes (2013).

30. Plaintiff complained to his employer DEUTSCHE BANK that its policies were in violation of numerous laws and regulations.

31. His complaints constituted objections to violation of laws rules and regulations under the Florida Whistle Blower Act.

32. Rather than take steps to comply, DEUTSCHE BANK took away additional responsibilities from Plaintiff.

33. DEUTSCHE BANK terminated Plaintiff on May 18, 2018.

34. Plaintiff was unemployed for fifteen months.

35. As a direct and proximate result of DEUTSCHE BANK's unlawful and retaliatory acts, LUDWIG was caused to suffer the loss of earnings, loss of earning capacity, loss of enjoyment of life, injury to reputation and severe emotional distress.

36. LUDWIG has hired counsel and is obligated to compensate them for their services.

WHEREFORE, Plaintiff prays that this Court:

a. Declare DEUTSCHE BANK's conduct to be violations of LUDWIG's rights under Florida's Private Whistle Blowers Statute;

b. Enjoin DEUTSCHE BANK from engaging in such conduct;

c. Award restitution damages to LUDWIG for all lost wages including merit increases, loss of promotional opportunity, benefits, and other remuneration;

b. Award compensatory damages to LUDWIG for his pain and suffering;

c. Award LUDWIG his costs and attorneys' fees;

d. Award LUDWIG pre-judgment and post-judgment interest as permitted by applicable law; and

e. Grant such other and further relief as may be deemed appropriate .

**DEMAND FOR JURY TRIAL**

Plaintiff, STEVEN LUDWIG demands trial by jury on all issues so triable as a matter of right.

CERTIFICATE OF SERVICE

6

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by via CM/ECF Administrative Procedures to the parties named on the attached Service List on June 23, 2020 .

CORNELL & ASSOCIATES, P.A
Attorneys for the Plaintiff
2645 EXECUTIVE PARK DR
Weston, FL 33331
Telephone: (954)618-1041
Facsimile: (954) 944-1969

BY: /s/ G. Ware Cornell, Jr.
G. WARE CORNELL, JR.
Florida Bar No. 203920
ware@warecornell.com

SERVICE LIST

    B. Tyler White
    tyler.white@jacksonlewis.com
    and
    Todd R. Dobry
    todd.dobry@jacksonlewis.com
        at
    JACKSON LEWIS, P.C.
    501 Riverside Avenue, Suite 902
    Jacksonville, Florida 32202
    Attorneys for Defendants