**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVEN LUDWIG,

    Plaintiff,

vs.                                             Case No. 3:20-cv-910-MMH-MCR

DB USA CORE CORPORATION,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 40; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 19, 2021. In the Report, Judge Richardson recommends that Defendant's Renewed Motion to Dismiss Amended Complaint (Doc. 23; Motion), be granted in part and denied in part. See Report at 1, 18. Defendant DB USA Core Corporation (DBUSACC) filed an objection to the Report on February 2, 2021. See Defendant's Objection to Report and Recommendation [DE 40] on Defendant's Renewed Motion to Dismiss Amended Complaint (Doc. 41; Objection). Plaintiff Steven Ludwig did not file any objection to the Report.[1] However, he did file a response to DBUSACC's

---

[1] Not only did Ludwig opt not to object to the Report, he appears to consent to the Magistrate Judge's recommended resolution of the Motion. See Response at 2 ("In the current Report and Recommendation, the Plaintiff was directed to amend his complaint and, once

Objection on February 4, 2021. See Plaintiff's Corrected Response to Objections to the Report and Recommendation (Doc. 43; Response). Accordingly, this matter is ripe for review.

In this action, Ludwig asserts a claim of retaliation against DBUSACC pursuant to the Florida Whistleblower Act (FWA), Florida Statutes section 448.101 et seq. See generally Amended Complaint (Doc. 8), filed on June 23, 2020. DBUSACC filed the Motion on August 13, 2020, in which it seeks dismissal of the Amended Complaint for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure. See generally Motion. Ludwig responded to the Motion on the same day. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 24; Response). With leave of Court, DBUSACC filed a reply to Ludwig's Response on September 1, 2020. See Defendant's Reply in Support of [DE 23] Defendant's Renewed Motion to Dismiss [DE 8] the Amended Complaint (Doc. 34). On September 23, 2020, the undersigned referred the Motion to the Magistrate Judge for preparation of a report and recommendation. See Order (Doc. 27). In the Report, the Magistrate Judge recommends granting DBUSACC's Motion to the extent that Ludwig's Amended Complaint be dismissed without prejudice to allow him an opportunity to allege additional detail regarding the first element of his FWA

---

these objections are resolved, will do so. Plaintiff . . . has in no way admitted he cannot point to specific laws, rules, or regulations to which [DBUSACC] violated and he objected.").

retaliation claim. Report at 14, 18. The Magistrate Judge recommends denying the Motion in all other respects. See generally Id.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

DBUSACC raises one argument in its Objection to the Report. See generally Objection. Specifically, DBUSACC contends that in the Report, the Magistrate Judge identified and applied the wrong pleading standard in evaluating whether Ludwig's allegations could satisfy the first element of a prima facie FWA retaliation claim.[2] See id. at 2. In response, Ludwig maintains that the Magistrate Judge applied the correct standard. See generally Response.

---

[2]  Generally, "[t]o establish a prima facie case under the FWA, a plaintiff must show that: (1) he objected to or refused to participate in any illegal activity, policy, or practice of the employer; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal." LE Publications, Inc. v. Kohl, 298 So. 3d 642, 645 (Fla. 4th DCA 2020) (citing Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 916 (Fla. 4th DCA 2013)).

Having conducted an independent review of the Report, the file in this case, and the relevant authority, the Court will adopt the Magistrate Judge's recommended resolution of the Motion, but declines to adopt the contested analysis or conclusion regarding the applicable pleading standard for an FWA retaliation claim. In the Report, the Magistrate Judge discusses the conflicting lines of authority relating to the first element of an FWA retaliation claim. See Report at 16. With regard to the first element that requires a plaintiff to show that he "objected to or refused to participate in any illegal activity, policy, or practice of the employer," LE Publications, Inc., 298 So. 3d at 645, courts are divided on the question of whether Florida Statutes section 448.102(3)[3] requires a plaintiff to allege that he objected to an actual violation of a law, rule, or regulation, as contemplated in Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 462-65 (Fla. 2d DCA 2015), or permits a plaintiff to allege only that he had a good faith, objectively reasonable belief that the actions to which he objected were illegal, as determined in Aery, 118 So. 3d at 906.[4] The Magistrate Judge

---

[3] The text of Florida Statutes section 448.102(3) prohibits an employer from retaliating against an employee who has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Florida Statutes section 448.102(3).

[4] Compare, e.g., Nardella v. Atlantic TNG, LLC, No. 8:19-cv-1152-T-33JSS, 2020 WL 2331179 (M.D. Fla. May 11, 2020) (applying the Aery "reasonable belief" standard), and Canalejo v. ADG, LLC, No. 8:14-cv-17-T-MAP, 2015 WL 4992000 (M.D. Fla. 2015) (same), with, e.g., Pierre v. AIDS Healthcare Foundation, Inc., No. 19-62556-CIV-SINGHAL, 2020 WL 6381557 (S.D. Fla. Oct. 30, 2020) (applying the "actual violation" standard discussed in Kearns); Graddy v. Wal-Mart Stores East, LP, 237 F. Supp.3d 1223 (M.D. Fla. 2017) (same); and Obukwelu v. Tallahassee Memorial Healthcare, Inc., No. 4:15cv55-MW/CAS, 2015 WL 11110552 (N.D. Fla. June 15, 2015) (same).

recommends that the Court conclude that the more liberal <u>Aery</u> approach is controlling and should be applied in this case. <u>See</u> Report at 16-17. Nevertheless, he recommends that Ludwig be given an opportunity to file an amended complaint to "specifically plead the alleged laws, rules, and regulations that Defendant purportedly violated." <u>Id.</u> at 14. Notably, neither Ludwig nor DBUSACC object to the recommendation that Ludwig be permitted to file a second amended complaint.

In the Objection, DBUSACC requests only that the Court reject the Report's recommendation that a plaintiff can state a prima facie FWA retaliation claim without pleading <u>an actual violation</u> of a law, rule, or regulation. Objection at 1-2. In doing so DBUSACC notes that identifying the applicable standard of pleading and proof is "critically important." <u>Id.</u> at 1. While the Court agrees that it is critically important to identify and apply the proper pleading standard, it is perhaps for that very reason that the better course of action at this stage of the proceeding is to defer resolution of this contested issue until it is properly before the Court in connection with a challenge to Ludwig's second amended complaint.

As a preliminary matter, the Court notes that based on Ludwig's statement in the Response, it is not altogether clear that he will seek to rely on the good faith belief standard. <u>See</u> Response at 2 ("Plaintiff . . . has in no way admitted he cannot point to specific laws. . ."). Additionally, the question of

-5-

Florida law presented in DBUSACC's Objection is currently before the Eleventh Circuit Court of Appeals, and almost fully briefed, in the case of <u>Butterfield v. Jetblue Airways Corp.</u>, No. 20-60660-CIV, 2020 WL 5627389, at *1 (S.D. Fla. Aug. 17, 2020), <u>appeal docketed</u>, No. 20-13473 (11th Cir. Sept. 15, 2020). <u>See also</u> Appellant's Initial Brief at 29-43, <u>Butterfield v. JetBlue Airways Corp.</u>, No. 20-13473 (brief filed Dec. 23, 2020) (appealing the same issue of Florida law raised in DBUSACC's Objection). Thus, in the coming months, the Eleventh Circuit will either resolve the issue or certify it to the Florida Supreme Court for resolution. Given the significant number of trial court decisions that have thoughtfully considered the issue, although reaching different decisions, one more opinion will add little to the analysis.[5] At this stage of the case, where the Magistrate Judge recommends giving Ludwig an opportunity to file a second amended complaint, and neither party objects to his doing so, the Court declines to weigh in on the contested issue of Florida law at this time. Instead, the Court will address the sufficiency of the allegations of Ludwig's second amended complaint, when, and only if, presented with a motion challenging their sufficiency.

---

[5] Notably, the undersigned previously concluded that the statutory language of the FWA requires an objection to an actual violation of a law, rule, or regulation, <u>see</u> <u>Tillett v. BJ's Wholesale Club, Inc.</u>, No. 3:09-CV-1095-J-34MCR, 2010 WL 11507322, at *8 (M.D. Fla. July 30, 2010), and views the analysis in <u>Graddy</u> to be well reasoned and persuasive, <u>see</u> 237 F. Supp. 3d at 1226-28.

For these reasons, the Court will adopt only the recommended resolution that the Motion be granted to the extent that the Amended Complaint (Doc. 8) be dismissed without prejudice and Ludwig be given leave to file a second amended complaint. Because resolution of the issue raised in the Objection is not necessary at this time, the Court will overrule the objection as moot.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Objection to Report and Recommendation [DE 40] on Defendant's Renewed Motion to Dismiss Amended Complaint (Doc. 41) is **OVERRULED as moot**.

2. The recommended resolution of the Motion in the Report and Recommendation (Doc. 50) is **ADOPTED** as the decision of the Court.

3. Defendant's Renewed Motion to Dismiss Amended Complaint (Doc. 23; Motion) is **GRANTED**, **in part**, and **DENIED**, **in part**.

    a. Defendant's Motion is **GRANTED** to the extent that Plaintiff's Amended Complaint (Doc. 8) is dismissed without prejudice, and Plaintiff must file a second amended complaint on or before **March 25, 2021**.

-8-

  b. Defendant's Motion is **DENIED** in all other respects.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2021.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:
Counsel of Record